UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

RECEIVED
Clerk's Office
USDC, Mass.
Date 6-26-06
By _____ Cub _____
Deputy Clerk

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 73-269-F PBS |
| v. ) | |
| ) | |
| CITY OF BOSTON, et. al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION TO DISSOLVE CONSENT DECREE AND DISMISS CASE

Plaintiff United States respectfully moves this Court to dissolve the remedial order, known as the *Beecher* decree, entered by this Court in February 1974, and to dismiss this case. In light of the decision of the United States Court of Appeals for the First Circuit in *Quinn v. City of Boston*, 325 F.3d 18 (1st Cir. 2003), *reh'g denied* No. 02-1727 (1st Cir. May 1, 2003), the *Beecher* decree is no longer enforceable.

This case arose from a complaint filed by the United States on January 24, 1973, alleging, *inter alia*, that defendant City of Boston used a written examination, prepared and administered by defendant Massachusetts Civil Service Commission, (hereinafter "defendants"), for firefighter selection at the Boston Fire Department that had a disparate impact on blacks and Hispanics. On July 18, 1973, this case was consolidated with *NAACP v. Beecher*, Case No. 72-3060-F (D.Mass. October 4, 1972), which alleged that the firefighter examination used by defendants

discriminated against black and Hispanic applicants at the Boston Fire Department, as well as other municipal fire departments that operated under Massachusetts Civil Service rules. *See Quinn*, 325 F.3d at 23-24. The consolidated cases were known as *NAACP v. Beecher* or *Beecher*. *Id.*

On February 8, 1974, after a hearing on the merits of plaintiffs' claims regarding the written examination, this Court found that plaintiffs had established a *prima facie* case of disparate impact against blacks and Hispanics and that defendants had not met their burden of demonstrating that the firefighter written exam was job-related. *See Boston Chapter, NAACP, Inc. v. Beecher*, 371 F.Supp. 507 (D.Mass. 1974), *aff'd* 504 F.2d 1017 (1st Cir. 1974), *cert. denied*, 421 U.S. 910 (1975). Accordingly, the court entered a remedial order, known as the *Beecher* decree. *Id.* The *Beecher* decree required, in part, that the Director of the Division of Civil Service compile and certify separate lists of minority and non-minority firefighter candidates ranked according to their civil service test scores and any statutory preference. *Quinn v. City of Boston, et.al.*, 204 F.Supp.2d 156, 158 (D.Mass. 2002). The remedial order did not mandate the hiring of a specific number of minority applicants. *Id.* Under the order, however, defendant City of Boston reviewed minority and majority firefighter candidates on a one-to-one basis. *Id.* at n. 6. The order was to remain in force until parity was reached in each covered fire department, meaning "the percentage of black and hispanic firefighters in a covered department equals the percentage of blacks and hispanics in the local community." *Id.* at 158.[1]

---

[1] Prior to the filing of the *Quinn* case, the majority of covered jurisdictions achieved parity and were excused from further compliance with the strictures of the order. *Id.* at 158.

*Quinn, et.al. v. City of Boston, et.al.*, 204 F.Supp.2d 156 (D.Mass. 2002), collaterally attacked the constitutionality of the *Beecher* decree. Joseph Quinn, a white male, and four other white male applicants to the Boston Fire Department sued the City of Boston after it failed to offer them positions as firefighters. *Quinn*, 204 F.Supp.2d at 157. The *Quinn* plaintiffs alleged that the City discriminated against them by giving hiring preferences to minority candidates who had lower test scores on the state firefighter's examination. *Id.* The City of Boston and defendant-intervenor NAACP, argued that the City's hiring decisions were in conformity with the *Beecher* decree. *Id.* Neither plaintiffs nor defendants named the United States as a defendant in *Quinn*, and the United States did not become a party to that case.

On May 20, 2002, this Court entered summary judgment for defendants on plaintiffs' claims challenging the constitutionality of the *Beecher* decree. *See* 204 F.Supp.2d 156 (D.Mass. 2002). The *Quinn* plaintiffs then appealed. *See Quinn*, 325 F.3d 18, 23 (1st Cir. 2003) On March 27, 2003, the United States Court of Appeals for the First Circuit reversed the District Court, holding:

> the City's continued resort to race-based preferences from and after the time when parity was achieved fails the second prong of the strict scrutiny analysis. Thus, the City's adherence to the *Beecher* decree during the 2000 hiring cycle was unconstitutional. Consistent with the foregoing, we reverse the district court's entry of summary judgment in favor of the City and direct the court to enter judgment in the Candidate's favor.

*See Quinn et.al. v. City of Boston, et.al.*, 325 F.3d 18, 37 (1st Cir. 2003). The First Circuit remanded the *Quinn* case to the District Court for a determination as to damages. *See* 325 F.3d at 38. The Court of Appeals later denied the motions for rehearing en banc. *See Quinn et.al. v.*

3

*City of Boston, et.al.*, No. 02-1727 (1st Cir. May 1, 2003). None of the parties sought review by the United States Supreme Court, and the 90-day period for timely filing a petition for certiorari has passed. *See* Sup. Ct. R. 13.

In light of the decision in *Quinn*, the *Beecher* decree can no longer by enforced the City of Boston, making it appropriate to formally dissolve the *Beecher* decree and to dismiss this case. No hearing is necessary, and the United States respectfully requests that the Court sign the attached proposed Order.

                                              Respectfully submitted,

On behalf of Plaintiff United States of America:

WAN J. KIM
Assistant Attorney General
Civil Rights Division

_____         6/22/06
ONDRAY HARRIS                                  DATE
KATHLEEN T. TOOMEY
Attorneys
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, NW
Washington, DC 20004
202-616-9504 phone
202-514-1005 fax

CERTIFICATE OF SERVICE

I hereby certify that on *June 22, 2006*, the foregoing Motion to Dissolve Consent Decree and Dismiss Case, proposed Order and Memorandum in Support were served by First Class U.S. Mail on each of the following:

Nadine Cohen, Esq.
Lawyers' Committee for Civil Rights Under Law
of the Boston Bar Association
294 Washington Street
Suite 443
Boston, MA 02108

Susan Weise, Esq.
Office of Corporation Counsel
City Hall, Room 615
Boston, MA 02201

_____
Attorney for the United States