IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| BOSTON CHAPTER, NAACP, INC., et al., | |
|---|---|
| Plaintiffs, | |
| v. | Civil Action Nos. 72-3060, 73-269-PBS |
| NANCY B. BEECHER, et al., | |
| Defendants. | |

| PEDRO CASTRO, et al., | |
|---|---|
| Plaintiffs, | |
| v. | Civil Action Nos. 70-1220-W, 74-2982-C |
| NANCY B. BEECHER, et al., | |
| Defendants. | |

## STIPULATION AND [PROPOSED] ORDER TO MODIFY CONSENT DECREES

WHEREAS, the Court entered a consent decree in the case captioned *Boston Chapter, NAACP, Inc. v. Beecher*, 371 F. Supp. 507, 520 (D. Mass. 1974) (the "*Beecher* decree"), subsequently supplemented, that stipulated, *inter alia*, a method by which the Human Resources Division for the Commonwealth of Massachusetts ("HRD") would certify for appointment Black and Hispanic ("minority") firefighter candidates in municipalities subject to the *Beecher* decree;

WHEREAS, the Court entered a consent decree in the case captioned *Castro v. Beecher*, No. 70-1220-W, No. 74-2982-C (D. Mass., June 27, 1975) (the "*Castro* decree"), subsequently supplemented, that stipulated, *inter alia*, a method by which HRD would certify for appointment Black and Hispanic police officer candidates in municipalities subject to the *Castro* decree;

1

WHEREAS, both the *Beecher* decree and the *Castro* decree ("consent decrees") mandate that HRD issue "modified rank order" certification lists[1] for the hiring of entry-level police officers and firefighters to the municipalities subject to the consent decrees;

WHEREAS, "modified rank order" certification lists are based on three-to-one (and in the case of one municipality, one-to-one) ratios in which the highest-scoring qualified minority applicant (after applying other preferences under state civil-service law among minority applicants) is placed at the top of the list, followed by the three highest-scoring qualified non-minority applicants (again, after applying other statutory preferences within the non-minority applicants), and this pattern is continued until the certification list is filled or either racial category is exhausted;

WHEREAS, in certain circumstances the "modified rank order" certification lists required by the consent decrees have unintended consequences—*e.g.*, they either reduce the total number of qualified minority candidates in the certification list or lower the rank-order standing of qualified minority candidates below the position they would hold in the certification list absent the decree;

WHEREAS, it would not be equitable to continue using "modified rank order" certification lists in all cases, without regard to how they actually impact employment opportunities for qualified minority applicants; and

WHEREAS, the modification to the consent decrees set forth below will further the purpose of the consent decrees to increase the number of qualified minority police officers and

---

[1] Pursuant to HRD's Personnel Administration Rule 09(1), an appointing authority may hire only from among the first $2n + 1$ persons named in the certification willing to accept appointment, where "n" is the number of appointments or promotional appointments actually to be made. Except when an eligible list has too few names on it, a certification list contains the names of a sufficient number of candidates to satisfy the $2n + 1$ formula.

firefighters serving in the municipalities subject to the decrees so that each community may ultimately achieve parity and release from the decrees;

WHEREAS, counsel for plaintiff and proposed plaintiff-intervenors and counsel for defendants have met and conferred to jointly propose this modification and have notified the United States, which is a party to the *Beecher* decree, and which has taken no position on this modification;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the parties, subject to the approval of the Court, that the *Beecher* decree and the *Castro* decree be modified as follows:

1. When a municipality subject to a consent decree requests a certification list, HRD will prepare two draft certification lists: a "modified rank order" certification list that applies the certification ratio otherwise required under the applicable consent decree, and a "rank order" list that is prepared under state civil-service law and does not apply that certification ratio.

2. HRD will then determine whether application of the certification ratio would have the effect of reducing the total number of qualified Black or Hispanic candidates in the certification list or placing any Black or Hispanic candidate in a lower rank-order position in the certification list than would otherwise occur.

3. If HRD determines that application of the certification ratio would not have either effect described in Paragraph 2, HRD will provide to the municipality the "modified rank order" list, which applies the consent decree ratio.

4. If HRD determines that application of the certification ratio would have either of the effects described in Paragraph 2, HRD will provide to counsel for the plaintiffs the

two draft certification lists and a brief written explanation of the effect on qualified Black or Hispanic candidates.

5. The plaintiffs shall have two (2) business days to object in writing to the use of the "rank order" list. If HRD disagrees with plaintiffs' objection, it shall respond to the objection in writing within five (5) days.

6. Unless HRD agrees with any objections that plaintiffs may provide, HRD will provide to the municipality the "rank order" list, which does not apply the consent decree ratio.

7. Any dispute between the parties regarding the use of the "rank order" list, which cannot be resolved by the parties, will be resolved by this Court upon motion of any party.

8. All other terms of the consent decrees not inconsistent with the foregoing shall remain in full force and effect.

9. The Court will continue to retain jurisdiction over this case.

IT IS ORDERED.

Dated: 9/14/06

Hon. Patti B. Saris
UNITED STATES DISTRICT JUDGE
United States District Court for the District of Massachusetts