IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON CHAPTER, NAACP, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> NANCY B. BEECHER, et al., <br><br> Defendants. | Civil Action Nos. 72-3060, 73-269-PBS |
| PEDRO CASTRO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NANCY B. BEECHER, et al., <br><br> Defendants. | Civil Action Nos. 70-1220-W, 74-2982-C |

## [PROPOSED] PRELIMINARY ORDER MODIFYING CONSENT DECREES

WHEREAS, the Court entered a consent decree in the case captioned *Boston Chapter, NAACP, Inc. v. Beecher*, 371 F. Supp. 507, 520 (D. Mass. 1974) (the "*Beecher* decree"), subsequently supplemented, that stipulated, *inter alia*, a method by which the Human Resources Division for the Commonwealth of Massachusetts ("HRD") would certify for appointment Black and Hispanic ("minority") firefighter candidates in municipalities subject to the *Beecher* decree;

WHEREAS, the Court entered a consent decree in the case captioned *Castro v. Beecher*, No. 70-1220-W, No. 74-2982-C (D. Mass., June 27, 1975) (the "*Castro* decree"), subsequently supplemented, that stipulated, *inter alia*, a method by which HRD would certify for appointment Black and Hispanic police officer candidates in municipalities subject to the *Castro* decree;

WHEREAS, both the *Beecher* decree and the *Castro* decree ("consent decrees") mandated that HRD issue "modified rank order" certification lists for the hiring of entry-level police officers and firefighters to the municipalities subject to the consent decrees;

WHEREAS, "modified rank order" certification lists have been based on three-to-one (and in the case of one municipality, one-to-one) ratios in which the highest-scoring qualified minority applicant (after applying other preferences under state civil-service law among minority applicants) is placed at the top of the list, followed by the three highest-scoring qualified nonminority applicants (again, after applying other statutory preferences within the nonminority applicants), and this pattern is continued until the certification list is filled or either racial category is exhausted;

WHEREAS, on September 14, 2016, upon joint motion by the parties, the Court modified the two consent decrees to require HRD to suspend application of the certification ratios otherwise required under the consent decrees when such application would reduce the number of qualified minority candidates who would otherwise appear on a certification or lower the rank-order standing of qualified Black or Hispanic candidates below the position they would hold absent the decree;

WHEREAS, in November 2017 the parties submitted proposals on further modification of the consent decrees, and those proposals set forth conflicting positions on certain issues including (i) the possible adoption of a qualified labor pool analysis as the benchmark to determine whether municipalities have reached "rough parity" and can therefore be released from the consent decrees' terms prior to the decrees' final termination, and (ii) whether the consent decrees should terminate at a fixed time before each of the remaining municipalities reach rough parity; and

WHEREAS, at a hearing on December 6, 2017, the Court directed the parties to submit a joint proposal for a preliminary modification of the consent decrees that can be entered and implemented while the Court decides the issues on which the parties disagree and issues a final modification order, with the understanding that this preliminary modification shall expire and be supplanted by the Court's final modification order and that all parties shall reserve their rights of appeal as to all modifications entered in that final modification order, including but not limited to provisions similar or identical to the provisions set forth in this preliminary modification;

NOW, THEREFORE, IT IS HEREBY ORDERED that the *Beecher* decree and the *Castro* decree be modified on a preliminary basis as follows:

1. For all municipalities that remain subject to the consent decrees, the certification provisions of the consent decrees shall be modified on a preliminary basis as follows:

    a. Guaranteed spaces in the initial consideration pool for minority candidates shall continue to be retained in accordance with the applicable certification ratios (for example, in 1:3 municipalities placing a minority candidate at places 1, 5, 9, etc.), but the other places shall be filled in based purely on rank order (*i.e.*, not exclusively with nonminority candidates).

    b. For all eligible lists subject to the consent decrees, whenever there is a mixed group of qualified candidates with a tie score, HRD shall place minority applicants in a higher position on the certification list (within the tie band) than nonminority applicants with the same score, and it shall use random tiebreakers only within minority or nonminority subgroups.

    c. For all certification lists subject to the consent decrees, at the time the appointing authority is considering candidates on the list, but prior to any

3

conditional offers of employment, HRD and the appointing authority shall be required to replace the name of any minority candidate in a ratio-guaranteed slot who fails to respond or who declines the position before suitability determinations are made with the next-ranked minority candidate who is willing to accept, so that the ratio of initial selection consideration is maintained. HRD shall reorder these certification lists, as necessary, thirty (30) days after issuance of the original list, or within seven (7) days after candidate application forms are due to the appointing authority, whichever event occurs later. HRD may also reorder the certification lists a second time within that time frame, as necessary.

2. The certification ratios in Lawrence, Chelsea, and Holyoke shall be changed on a preliminary basis from one-for-three to one-to-one, meaning that for the police and fire departments in these municipalities (as well as for the police and fire departments in Springfield, which are already subject to a one-to-one certification ratio) application of the certification ratios will result in at least one qualified minority applicant being certified for every qualified nonminority candidate.

3. All other terms of the consent decrees not inconsistent with the foregoing shall remain in full force and effect, including but not limited to the modification entered by the Court on September 14, 2016, which requires HRD to suspend application of the certification ratios otherwise required under the consent decrees when such application would reduce the number of qualified minority candidates who would otherwise appear on a certification or lower the rank-order standing of qualified Black or Hispanic candidates below the position they would hold absent the decree.

4.  From this date forward, the parties shall appear before the court on a yearly basis in order to update the court as to the status of the consent decrees. The parties will meet at least 90 days in advance of the yearly status conference to discuss the operation of the decrees and any proposed modifications.

5.  From this date forward, all new certification lists in the remaining consent decree communities shall be issued in accordance with this preliminary modification order. This preliminary modification shall expire upon the Court's issuance of a final modification order or by August 1, 2018, whichever occurs first. The provisions of this preliminary modification order shall be supplanted in full by the Court's final modification order. All parties shall reserve their rights of appeal as to all modifications entered in that final modification order, including but not limited to provisions similar or identical to the provisions set forth in this preliminary modification.

IT IS SO ORDERED.

_____
Hon. Patti B. Saris
UNITED STATES DISTRICT JUDGE
United States District Court for the District of Massachusetts

Dated: 12/19/17