UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON CHAPTER, NAACP, INC., et al.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>NANCY B. BEECHER, et al.,<br><br>　　Defendants. | Civil Action Nos. 72-3060, 73-269-PBS |
| PEDRO CASTRO, et al.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>NANCY B. BEECHER, et al.,<br><br>　　Defendants. | Civil Action Nos. 70-1220-W, 74-2982-C |

## [PROPOSED] ORDER TO MODIFY CONSENT DECREE

WHEREAS, the Court entered a consent decree in the case captioned *Castro v. Beecher*, No. 70-1220-W, No. 74-2982-C (D. Mass., June 27, 1975) (the "*Castro* decree"), subsequently supplemented, that stipulated, *inter alia*, a method by which the Human Resources Division for the Commonwealth of Massachusetts ("HRD") would certify for appointment Black and Hispanic ("minority") police officer candidates in municipalities subject to the *Castro* decree;

WHEREAS, the Court entered a consent decree in the case captioned *Boston Chapter, NAACP, Inc. v. Beecher*, 371 F. Supp. 507, 520 (D. Mass. 1974) (the "*Beecher* decree"), subsequently supplemented, that stipulated, *inter alia*, a method by which HRD would certify for appointment minority firefighter candidates in municipalities subject to the *Beecher* decree;

WHEREAS, at the status conference on January 4, 2022, the Court directed the parties to submit their views on when and how the *Castro* and *Beecher* decrees (collectively, "consent decrees") should be terminated;

WHEREAS, on April 7, 2022, HRD and plaintiffs/plaintiff-intervenors each submitted briefing and accompanying information to the Court that included (a) the parties' respective views on termination of the consent decrees, and (b) updated demographic and hiring data reflecting the progress made by the municipalities still subject to the consent decrees in achieving the benchmarks for rough parity previously approved by the Court for each municipality;

WHEREAS, the Court held a hearing on the issues raised by the parties' April 7, 2022 submissions on June 29, 2022;

NOW, THEREFORE, IT IS HEREBY ORDERED that the consent decrees be modified as follows:

1. The Court releases the City of Springfield police department from the *Castro* decree, as the department has substantially achieved the benchmark for rough parity previously approved by the Court for this municipality.

2. The Court releases the City of Worcester police department from the *Castro* decree, as this department has also substantially achieved the benchmark for rough parity previously approved by the Court.

3. The Court releases the City of Lawrence police department from the *Castro* decree effective December 31, 2022, based upon (a) the substantial progress that the department has made to date towards achievement of the benchmark for rough parity previously approved by the Court for this municipality, (b) the high percentage of minority applicants that have taken the entrance-level police officer

examination at this department during the period 2017-2022, and (c) the number of new officers expected to be hired in 2022 by the department.

4. The Court releases the City of Chelsea police department from the *Castro* decree effective December 31, 2022, based upon (a) the substantial progress that the department has made to date towards achievement of the benchmark for rough parity previously approved by the Court for this municipality, (b) the high percentage of minority applicants that have taken the entrance-level police officer examination at this department during the period 2017-2022, and (c) the number of new officers expected to be hired in 2022 by the department.

5. The Court will continue to retain jurisdiction over this case. HRD shall submit a status report on December 15, 2022 regarding the progress in the Lawrence and Chelsea police departments.

IT IS ORDERED.

Dated:

*[signature]*
Hon. Patti B. Saris
UNITED STATES DISTRICT JUDGE
United States District Court for the District of Massachusetts

7/15/22